IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALOMON BOCANEGRA, | ) | |
| #36313-177, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0593-K |
| | ) | (3:07-CR-0190-K(01)) |
| UNITED STATES OF AMERICA. | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration is Petitioner Salomon Bocanegra's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. The Court did not issue process in this case pending preliminary screening. For the reasons set out below, the Court concludes that the § 2255 motion is barred by the one-year statute of limitations, and should be dismissed.

### STATEMENT OF THE CASE

Petitioner pled guilty pursuant to a plea agreement to conspiracy to commit kidnaping, kidnaping, and use of interstate communication facilities to demand ransom. *United States v. Bocanegra*, 3:07cr190-K (N.D. Tex.). On October 16, 2007, after granting the government's motion for a downward departure, the Court assessed punishment at 340 months imprisonment (220 months on counts 1, 2, and 4 to run concurrent, and 120 months on count 5 to run consecutive to the 220-month sentence), restitution in

the amount of $26,018.00, and a three-year term of supervised release. *Id.* Petitioner appealed despite the appeal waiver in the plea agreement, and the downward departure granted at sentencing. *See United States v. Bocanegra*, No. 07-11125 (5th Cir. 2007). On November 27, 2007, on counsel's advice, Petitioner consented to dismiss his appeal voluntarily, and the Fifth Circuit entered a mandate the same day. *Id.*

On March 31, 2009, Petitioner filed the instant § 2255 motion. In four grounds, he alleges counsel rendered ineffective assistance, and the trial court failed to comply with Federal Rules of Criminal Procedure 11 and 32.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

On April 2, 2008, the Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case was not barred by the limitations period, or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response on April 21, 2009.

The one-year period is calculated from the latest of either (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to filing

2

a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (3) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2255(f).

Petitioner has alleged no impediment created by government action under subparagraph (2) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (3).    With regard to subparagraph (4), the Court determines that the facts supporting Petitioner's grounds for relief became known or should have become known prior to the date the judgment of conviction became final.  Thus, the Court will calculate the one-year statute of limitations under subparagraph (1) from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.

One could argue that the conviction in this case became final on November 27, 2007, when the Fifth Circuit dismissed the appeal at Petitioner's request, foreclosing any further direct review through a petition for writ of certiorari to the United States Supreme Court.  If successful, such argument would distinguish the instant case from *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079 (2003) (which held that

a conviction becomes final for purposes of one-year period when the time expires for seeking review by writ of certiorari), and *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000) (same). *See United States v. Martin*, 2008 WL 4211153, *2-5, 3:05cv836-P (N.D. Tex. 2008) (summarizing conflicting authority and holding that when a petitioner voluntarily dismisses an appeal, the judgment is final for § 2255 limitations purposes on the date of dismissal and issuance of mandate). Under the facts of this case, however, the Court need not definitively decide whether the voluntary dismissal foreclosed further direct review. Consequently, the Court will assume without deciding that movant's conviction became final on February 26, 2008, when the ninety-day period for filing a writ of certiorari elapsed.

The one-year limitations period began to run on February 27, 2008, the day after the conviction became final, and expired one year later on February 26, 2009. Petitioner did not mail his § 2255 motion until March 23, 2009 (*see* Section 2255 Motion at 11), twenty-four days after the expiration of the one-year period. *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (2255) (*citing Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (2254)) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing). Therefore, the § 2255 motion is clearly time barred absent equitable tolling.

In response to the Court's show cause order, Petitioner asserts that he was unaware of the dismissal of his direct appeal. He explains that neither the Fifth Circuit nor his

counsel made any efforts to mail him the dismissal order, thus preventing him from timely filing this § 2255 motion. (Pet's Response at 1). On March 12, 2008, Petitioner wrote a letter to his defense counsel requesting information about his pending appeal; counsel failed to respond. (*Id.* at 2). Subsequently, counsel filed a motion to withdraw, which this Court granted on March 24, 2008. (*Id.*). Petitioner requests that his § 2255 be entertained "for the simple reason that the only document that . . . [he] received from this Honorable Court was its order granting defense counsel['s motion] to withdraw . ."

The court liberally construes the above argument as a request to toll the limitations period on equitable grounds. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Patterson*, 211 F.3d at 930-31 (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstances required for equitable tolling. The record refutes Petitioner's assertion that he was unaware of the dismissal of his direct appeal. Even assuming Petitioner never received a copy of the Fifth Circuit's entry of dismissal, it is clear that he should have known of the dismissal of his

5

appeal. Petitioner not only signed the voluntary motion to dismiss his appeal, but counsel mailed him a copy of the same. *See* Fifth Circuit docket sheet in No. 07-11125 (containing a scanned copy of the motion to dismiss appeal with Petitioner's signature and certificate of service reflecting counsel mailed it to Petitioner). On March 19, 2008, counsel also mailed to Petitioner a copy of his motion to withdraw as counsel for defendant, which reiterated that the Fifth Circuit had dismissed the direct appeal on November 28, 2007, and requested confirmation that his appointment had ended upon the dismissal of the appeal. (*See* Defense Counsel's Mot. to Withdraw filed March 20, 2008, doc. # 137).

Nor does this case present the type of due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Even assuming Petitioner did not learn of the dismissal of his appeal until the March 24, 2008 order granting counsel's motion to withdraw, he provides no explanation for the 364-day delay between the order and the mailing of his § 2255 motion on March 23, 2009. Rather than diligently filing his § 2255 motion upon learning of the dismissal of his appeal, Petitioner chose to wait until one day shy of the one-year deadline to mail his § 2255 motion. This does not establish due diligence on his part. "[E]quity is not intended for those who sleep on their rights." *Fisher* v. *Johnson*, 174 F.3d 710, 715 (5th Cir. 1999); *see also Coleman v. Johnson,* 184 F.3d 398, 403 (5th

6

Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Insofar as Petitioner seeks to fault his appellate attorney for the delay in filing the § 2255 motion, his claim is meritless. Only an attorney's intentional deceit with respect to the filing of a § 2255 motion may warrant equitable tolling if the petitioner reasonably relied on the attorney's deceptive misrepresentation. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). "'[M]ere attorney error or neglect is not an extraordinary circumstance" justifying equitable tolling. *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002); *see also United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

Likewise neither Petitioner's unfamiliarity with the law nor his *pro se* status justifies equitable tolling in this case. *See Petty*, 530 F.3d 365-66 (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000)).

The party seeking equitable tolling bears the burden of showing entitlement to such tolling. *See Petty*, 530 F.3d at 365; *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden to show that equitable tolling is warranted, the Court in its discretion refuses to apply equitable tolling.

CONCLUSION

For the foregoing reasons it is ordered that the motion to vacate, set aside or

correct sentence under 28 U.S.C. § 2255 is DISMISSED as barred by the one-year statute of limitations.

SO ORDERED.

Signed this 1st day of June, 2009.

                                        *Ed Kinkeade*
                                        ED KINKEADE
                                        UNITED STATES DISTRICT JUDGE